Daniel, J.
Thomas Brown had executed a negotiable bond to Jesse Raper, and he had indorsed it to the plaintiff,, who, sued by warrant the maker and indorse? jointly, and obtained judgment by default against both. On the warrant there is this entry“ The defendant Jesse Raper prays an appeal, on a judgment, obtained against him by default in favor of D. F. Ramsour, to. the next County Court., and gives for security James Raper, this 26th day of April, 1843. — Teste, E. D. Shields, J. P.” The said appeal vacated the judgment, obtained before the Justice, not only as to Jesse Raper, but also as to Tilomas Brown, and took up all tbe proceedings to the County Court. The judgment being joint, one half of it could not be vacated, and the other half left valid in the Magistrate’s Court. But, however, both the defendants ap *349 peared and pleaded in the County Court. And at the same sessions (June, 1843,) there was a judgment entered against Brown “ according to specialty,” with a stay of execution also ; and, on motion, the Court gave judgment against James Raper, the surety to the appeal. At December Session, 1843, a motion was made to set aside the judgment, which had been entered against the surety for the appeal, at June Session, 1843, on the ground, as he alleged, that there had been no judgment recovered against his principal, Jesse Raper. And the County Court held that the said judgment was erroneous, and granted the motion. The plaintiff appealed to the Superior Court from this order. At Spring Term, 1846, the Superior Court of Cherokee County dismissed the appeal, on the ground, as the Judge said, that there was no error in the judgment of the County Court at its December Session, 1843. From this judgment of the Superior Court, the plaintiff appealed to the Supreme Court. We think that there was error in the judgment of the Superior Court. The County Court, at June Session, 1843, had jurisdiction over the subject matter it then professed to act on. And, although what they then did may have been very erroneous, it was not void ;1 and the same Court, at its December Session following, had no- power to reverse the judgment, entered against James Raper at the antecedent June Session, for any error apparent upon the face of the records of these proceedings. The Superior Court was the Court, where the writ of error should have been returned, and errors assigned and then determined on by that Court, before the judgment of the County Court (at June Session, 1843,) could have been reversed, if it was in fact erroneous. We are of opinion, that the judgment of the Superior Court, dismissing the plaintiff’s appeal to that Court, was erroneous, and must be reversed. And this must be certified to the Superior Court, and a writ oiprocedendo issued to that Court, to the intent that the said Superior Court may proceed accordingly and may *350 issue a writ oí procedendo to the County Court, requiring the said County Court to re-instate the said judgment, rendered at June Term, 1843, and proceed further thereon according to law.
Per Curiam. Ordered accordingly.